UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          | )                        |
|--------------------------|--------------------------|
| JUSTINA SHAW,            | )                        |
|                          | )                        |
| Plaintiff,               | )                        |
|                          | )                        |
| v.                       | ) Case No: 15-cv-927-RCL |
|                          | )                        |
| DISTRICT OF COLUMBIA,    | )                        |
|                          | )                        |
| Defendant.               | )                        |
|                          | )                        |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case comes before the Court on plaintiff Justina Shaw's motion for attorneys' fees for the work spent on the previous fee litigation, *i.e.*, fees on fees. For the reasons stated below, the Court will grant Ms. Shaw's motion and will award fees and costs totaling $19,052.95.

### II. BACKGROUND

This case was brought by Ms. Shaw against the District for violations of the Individuals with Disabilities Education Act ("IDEA"). After a Hearing Officer determined that Ms. Shaw's child, J.S., was denied a free appropriate public education ("FAPE") as required by the IDEA, Ms. Shaw commenced an action for attorneys' fees. On September 28, 2016 this Court issued a Memorandum Opinion and Order granting plaintiff's motion for attorneys' fees. ECF Nos. 22, 23. Over the District's objections, this Court found that Ms. Shaw was entitled to fees at a rate equal to those set out in the *Laffey* matrix, as opposed to 75% of those rates, and awarded fees and costs totaling $46,595.25.

Ms. Shaw now moves again for attorneys' fees and costs associated with the prior fee litigation, claiming that she is entitled to "fees on fees." ECF No. 25. Ms. Shaw states that the

1

following hours were spent on fees litigation: 25 hours by Charles Moran; 25.7 hours by Steve Nabors; and 8.8 hours by Joseph Golinker. The District does not challenge the numbers of hours reasonably expended in this case. Ms. Shaw also notes that she received 90% of her requested award, after this Court reduced the award by 10%, and therefore requests that the fees awarded here be reduced by the same rate to reflect limited success. The District also does not contest this request.

The only issue here is the rate at which Ms. Shaw's attorneys should be compensated for the fee litigation. Ms. Shaw argues that the Court should award these fees using the applicable *Laffey* rates and that she should receive $19,052.95 in fees and costs. The District argues that for fees on fees, the Court should award an hourly rate equal to 50% of the *Laffey* rates, and that Ms. Shaw should receive no more than $10,766.35.

### III. ANALYSIS

The IDEA provides that courts may award reasonable attorney's fees to prevailing parties. 20 U.S.C. § 1415(i)(3)(B)(i). The fees must be "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.* § 1415(i)(3)(C). In its prior Opinion in this case, the Court summarized the analysis for determining whether a requested fee award is reasonable. *See Shaw v. D.C.*, 210 F. Supp. 3d 46, 48–49 (D.D.C. 2016).

Prevailing parties in IDEA cases may also recover fees on fees. *See Kaseman v. D.C.*, 444 F.3d 637, 640 (D.C. Cir. 2006). Like the underlying decision regarding the appropriate rates for fees related to IDEA litigation, Courts within this Circuit have failed to agree on the appropriate rates for fees on fees. Some have found that it is appropriate to award only 50% of the *Laffey* rates for fees on fees. *See, e.g., McNeil v. Options Pub. Charter Sch.*, No. CV 12-529 DAR, 2016 WL

5312643, at *3 (D.D.C. Sept. 22, 2016) (collecting cases). Others, however, have applied the same rate to fees litigation that was applied to the underlying IDEA litigation. *See McNeil v. D.C.*, No. CV 14-1981 (RC), 2017 WL 456390, at *3 (D.D.C. Feb. 2, 2017) (collecting cases); *Jones v. D.C.*, 153 F. Supp. 3d 114, 123–25 (D.D.C. 2015). This Court has not had the occasion to determine whether reduced fee rates are appropriate for fees on fees litigation, although it notes that in one instance it adopted the recommendation of Judge Kay to award 50% *Laffey* rates for fees on fees where neither party objected. *See Joaquin v. D.C.*, 210 F. Supp. 3d 64, 74–75 (D.D.C. 2016).

This Court finds that it is not appropriate to reduce the *Laffey* rates by 50% for fees on fees. Although the D.C. Circuit has not determined "whether all aspects of an IDEA litigation should be treated as a unified whole, subject to the same prevailing market rate," *Reed v. D.C.*, 843 F.3d 517, 526 (D.C. Cir. 2016), it has previously treated different aspects of IDEA litigation as one proceeding, holding that the fee cap provision "encompasses both administrative proceedings and subsequent fee requests." *See Kaseman*, 444 F.3d at 643. The *Kaseman* Court found it appropriate to treat "a prevailing party's fee request as part of the same 'action' as the underlying educational dispute, despite being brought pursuant to an independent 'cause of action.'" *Id.* at 641–42. Given this Circuit precedent, this Court agrees with other members of the District Court who have held that a plaintiff seeking fees on fees need not again demonstrate that the fee rate sought is reasonable—after doing so in the underlying fee litigation—because it also "arises out of the same controversy" as the underlying IDEA issue. *See McNeil*, 2017 WL 456390, at *3–4; *Jones*, 153 F. Supp. 3d at 123.[1]

---

[1] The court recognizes that in *McNeil*, Judge Contreras used the 75% *Laffey* rates in both the underlying fee award and the fees on fees award, and that in *Jones*, Judge Howell accepted the plaintiff's voluntary reduction of rates to 75% *Laffey* in the underlying fee award, and voluntary reduction to 50% *Laffey* rate in the fees on fees award. *See McNeil*, 2017 WL 456390, at *3–4; *Jones*, 153 F. Supp. 3d at 125. However, this Court has found that full *Laffey* rates are appropriate in this case, *see Shaw*, 210 F. Supp. 3d at 49–51, and agrees with the reasoning of Judge Contreras and Judge Howell to the extent that they held that it is inappropriate to relitigate the issue of already determined reasonable rates in fees on fees litigation.

This Court has already determined that full *Laffey* rates apply to the work conducted on this matter. *See Shaw*, 210 F. Supp. 3d at 51. As noted by another member of this Court, "[r]elitigating the issue would be illogical given that the initial fee proceeding and this proceeding are parts of the same action. To do so would also increase the burden on the courts and unnecessarily protract the litigation without advancing the goals of IDEA." *McNeil*, 2017 WL 456390, at *4. This Court will not reopen the issue of reasonable rates in the fees on fees context. Plaintiff will be awarded fees at full *Laffey* rates for the work spent on the fee litigation.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant plaintiff's motion for attorneys' fees. It will order the District to reimburse plaintiffs $19,052.95 for fees and costs. A separate Order accompanies this Memorandum Opinion.

Date: May 15, 2017

Royce C. Lamberth
United States District Judge